UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KRISTOPHER DORR,

          Plaintiff,

v.

UNKNOWN AGENT OF THE
NATIONAL SECURITY AGENCY,
GEOFF LING, JUSTIN SANCHEZ
and DOUG WEBBER,

          Defendants.
_____/

Case No. 2:17-cv-12974
District Judge Paul D. Borman
Magistrate Judge Anthony P. Patti

## REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) (DE 1)

**I.  RECOMMENDATION**: The Court should **DISMISS** Plaintiff's Complaint (DE 1) pursuant to 28 U.S.C. § 1915(e)(2)(B).

**II.  REPORT:**

    **A. Background**

This is the latest in a series of "virtually incomprehensible" lawsuits brought in the last six and a half years by *pro se* Plaintiff Kristopher Dorr. *See Dorr v. AT&T*, No. 12-10393, 2012 WL 694728, at*1 (E.D. Mich. Feb. 16, 2012) (Michelson, M.J.)[1]

---

[1] The Court notes that Plaintiff has filed at least eight other actions in the last seven years. All of these actions have been dismissed as frivolous, vexatious or for failure to state a claim. Many of the complaints in these actions alleged facts

1

In the instant matter, Plaintiff alleges that Defendants Justin Sanchez and Doug Weber are Project Managers with the Defense Advanced Research Projects Agency (DARPA), and that Defendant Geoff Ling is the DARPA Director of Biological Technologies Office. (DE 1 at 2-3.) Plaintiff claims that DARPA, a component of the Department of Defense, has been monitoring his oral and electronic communications since 2006, when he first became the target of an investigation by National Security Agency (NSA) agents. (*Id.* at 7-9.) Plaintiff alleges that he was admitted to two psychiatric hospitals in 2006, and that one of his treating physicians there was "cooperating with at the time unknown DARPA project managers" and gave NSA agents access to Plaintiff's personally identifiable health information through a transmitter in his dental amalgam filling, which allowed them to "hack into [his] nervous system using [his] phone as a percutaneous radio frequency device," and "control [his] actions and who [he] associate[s] with … by harassing [him] through the speaker on [his] phone and by

---

similar to those asserted here, namely that various law enforcement agencies and other entities have been monitoring Plaintiff's communications via electronic devices. See *Dorr v. Ford Motor Co.*, No. 10-13822 (E.D. Mich. Nov. 21, 2011); *Dorr v. Ford Motor Co.*, No. 10-14090 (E.D. Mich. Dec. 30, 2011); *Dorr v. AT&T*, No. 10-14583 (E.D. Mich. Dec. 27, 2010); *Dorr v. Ford Motor Co.*, No. 11-11542 (E.D. Mich. Apr. 27, 2012); *Dorr v. City of Detroit*, No. 11-13369 (E.D. Mich. Aug. 10, 2011); *Dorr v. AT&T*, No. 12-10393 (E.D. Mich. Mar. 5, 2012); *Dorr v. Detroit Police Dept.*, No. 13-cv-10095 (E.D. Mich. Feb. 1, 2013); *Dorr v. United States Dept. of Defense*, No. 13-cv-13608 (E.D. Mich. Sept. 26, 2013).

stimulating different nerves in [his] body all day, causing [him] pain and causing [his] muscles to twitch." (*Id.* at 7-9.) He additionally alleges that:

> They create ringing in my ears by stimulating my cochlear nerve and causing action potentials in my gonads to stop sperm production in my body as a means to force me to change my sexual preference. While I slept, they used the government owned repeaters to send continuous electrical stimulation into my body causing large quantities of electrons to build up in the amalgam filling so that when I wake up the computers would register my brains neural signals.

(*Id.* at 9.) Plaintiff states that he filed two tort claims against the Department of Defense, both of which were denied. (*Id.* at 10.)

Plaintiff then brought this lawsuit on September 11, 2017, alleging violations of his Fourth and Fifth Amendment rights, seeking injunctive relief as well as compensatory damages of $40,000,000.00 and punitive damages of $65,000,000.00 and $50,000,000.00. (DE 1.) Plaintiff also filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, which I have just granted. (DE 2, 5.) This case has been referred to me for all pretrial proceedings. (DE 4.)

### B. Analysis

Section 1915(e)(2) invests the court with discretion to dismiss a complaint filed *in forma pauperis* "at any time if the court determines that … the action … is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B). Although a pro se litigant is entitled to a liberal construction of his pleadings and filings, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

3

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Dismissal of the case is appropriate where "the claim is based on an indisputably meritless legal theory[.]" *Wilson v. Yaklich*, 148 F.3d 596, 600 (6th Cir. 1998). Moreover, an IFP complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). Factual frivolousness includes allegations that are "clearly baseless," "fantastic," or "delusional." *Id.* at 327-28; *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (dismissal appropriate when "the facts alleged rise to the level of the irrational or the wholly incredible").

The allegations summarized above—that Defendants used technology to "hack into [his] nervous system using [his] phone as a percutaneous radio frequency device," "control [his] actions and who [he] associate[s] with," and "create ringing in my ears by stimulating my cochlear nerve and causing action potentials in my gonads to stop sperm production in my body as a means to force me to change my sexual preference"—are irrational and delusional. Plaintiff has repeatedly attempted to bring claims based on similar facts provided in the Complaint, and this Court finds, as others have when faced with similar allegations made by this very litigant, that "Plaintiff's Complaint is frivolous, as his allegations are clearly baseless and delusional," and should be dismissed. *See*

4

*Dorr v. AT&T*, No. 12-10393, 2012 WL 694728, at *2 (E.D. Mich. Feb. 16 2012) (collecting cases).

### C. Conclusion

Accordingly, Plaintiff's Complaint should be **DISMISSED** as frivolous and for failing to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). The Court should also consider enjoining Plaintiff from filing any further lawsuits without leave of the Court or pre-filing screening, as Plaintiff has demonstrated a history of filing lawsuits with similar factual allegations, all of which have been dismissed as frivolous, vexatious or for failure to state a claim. These multiple lawsuits have caused an unnecessary burden on the courts and their personnel. *See Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998) (noting that there is "nothing unusual about imposing prefiling restrictions in matters with a history or repetitive or vexatious litigation"); *Dietrich v. Patti*, No. 16-11469, 2016 WL 3682957, at *4-5 (E.D. Mich. July 12, 2016) (enjoining Plaintiff from filing any new matters in this District without obtaining permission to file a new case from a district judge, after a prefiling review of the proposed complaint to determine if the claims are frivolous, duplicative or harassing).

### III.   PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service,

as provided for in Fed. R. Civ. P. 72(b)(2) and E.D. Mich. LR 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: November 21, 2017

s/Anthony P. Patti  
Anthony P. Patti  
UNITED STATES MAGISTRATE JUDGE

## Certificate of Service

I hereby certify that a copy of the foregoing document was sent to parties of record on November 21, 2017, electronically and/or by U.S. Mail.

s/Michael Williams
Case Manager for the
Honorable Anthony P. Patti
