UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KRISTOPHER DORR,

      Plaintiff,

v.

UNKNOWN AGENT OF THE
NATIONAL SECURITY AGENCY,
GEOFF LING, JUSTIN SANCHEZ
and DOUG WEBBER,

      Defendant.
_____/

Case No. 17-cv-12974

Paul D. Borman
United States District Judge

Anthony P. Patti
United States Magistrate Judge

<u>OPINION AND ORDER
(1) OVERRULING PLAINTIFF'S OBJECTIONS (ECF NO. 7),
(2) ADOPTING THE MAGISTRATE JUDGE'S
NOVEMBER 21, 2017 REPORT AND RECOMMENDATION (ECF NO. 6),
(3) DISMISSING PLAINTIFF'S COMPLAINT, AND
(4) ENJOINING PLAINTIFF FROM FILING FURTHER COMPLAINTS IN
THIS COURT WITHOUT FIRST SEEKING PERMISSION BY MOTION</u>

On November 21, 2017, Magistrate Judge Anthony P. Patti issued a Report and Recommendation to dismiss Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and also recommended that this Court enter an Order enjoining Plaintiff from further filings in this Court without first seeking leave of Court. (ECF No. 6, Report and Recommendation.) Plaintiff has filed Objections to the Report and Recommendation. (ECF No. 7, Objection to the Magistrate Judge's Report and

1

Recommendation to Dismiss My Complaint of Civil Rights Violations.)  Having conducted a *de novo* review, pursuant to 28 U.S.C. § 636(b)(1), of those parts of the Magistrate Judge's Report and Recommendation to which specific objections have been filed, the Court OVERRULES Plaintiff's Objections, ADOPTS the Report and Recommendation, DISMISSES Plaintiff's Complaint, and ENJOINS Plaintiff from further filings in this Court without seeking leave to file by a motion that complies with the requirements of this Order.

## I.  BACKGROUND

In his Complaint, Plaintiff makes a number of fantastical allegations and asks, among other things, that the Court grant him an injunction against the National Security Agency ("NSA") and the Defense Advanced Research Projects Agency ("DARPA"), "and any other law enforcement agency from intercepting my communications or medical conditions inside and outside my body." (Compl. 5, PgID 5.)  Plaintiff seeks compensatory damages of $40,000,000.00 and punitive damages of $115,000,000.00.  (*Id*.)  Plaintiff claims that he became the target of an NSA investigation in February 2006, while he was working at Ford Motor Company.  (*Id*. at PgID 8.)  He claims that NSA captured all of his verbal communications and text messages and emails and tracked his location via cell towers built into his mobile device.  (*Id.*)  He claims that NSA somehow used his cell phone camera and

microphone to monitor his surroundings and to eavesdrop on his conversations. (*Id.*)

Plaintiff alleges that these "interceptions" caused him mental distress and he sought medical help and was ultimately diagnosed with paranoid schizophrenia. (*Id.*) He alleges that during an admission at Henry Ford Kingswood Hospital doctors, cooperating with DARPA, gave NSA access to his personal health information "by disclosing the unique identifier number that is associated with a dental amalgam filling implanted in [his] tooth." (*Id.* PgID 9.) Plaintiff alleges that the this enabled the government to "hack into [his] nervous system using his phone as a percutaneous radio frequency device." (*Id.*) Through this, he alleges, informants are monitoring his oral conversations and attempting to control his actions "by stimulating different nerves in [his] body all day . . . ." (*Id.*) He alleges that this nerve stimulation is "causing action in [his] gonads to stop sperm production in [his] body as a means to force [him] to change his sexual preference." (*Id.*) Plaintiff alleges that he learned in 2016 that DARPA is doing some type of research involving technology to work with the peripheral nervous system and he believes that DARPA has hacked into his nervous system. (*Id.* PgID 9-10.)

The Magistrate Judge characterized Plaintiff's allegations as "delusional" and "irrational," and concluded that his Complaint was subject to dismissal under 28 U.S.C. § 1915 as factually frivolous. (Report at PgID 4-5.) The Magistrate Judge also

noted a number of cases filed by Plaintiff in this district that have been summarily dismissed for similar reasons. The Magistrate Judge recommended that the Court enjoin Plaintiff from future filings in this Court without first seeking leave of Court.

## II.   STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), the Court conducts a *de novo* review of the portions of the Magistrate Judge's Report and Recommendation to which a party has filed "specific written objections" in a timely manner. *Lyons v. Comm'r Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). A district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* Objections must be timely, and a party who receives notice of the need to timely object yet fails to do so is deemed to waive appellate review of the district court's order adopting the magistrate judge's recommendations. *Mattox v. City of Forest Park,* 183 F.3d 515, 519-20 (6th Cir. 1999).

Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir.1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not

sufficiently identify alleged errors on the part of the magistrate judge. An "objection" that does nothing more than disagree with a magistrate judge's determination "without explaining the source of the error" is not a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir.1991).

### III. ANALYSIS

#### A. Objection Number One

Plaintiff agrees in his First Objection that "all of [his] prior court actions arise out of the same or similar facts as those that [he is] raising in this court action, and the allegations remain consistent in each case." (Pl.'s Objs. PgID 58.) He disagrees, however, that his allegations are vexatious and frivolous.

This general objection does nothing more than disagree with the Magistrate Judge's determination "without explaining the source of the error" and does not warrant *de novo* review. *Howard*, 932 F.2d at 509. Plaintiff offers what appears to be a recitation of the factual bases for previous lawsuits and does not identify any particular error on the Magistrate Judge's part in this case that warrants review by this Court. In any event, the Court finds that the Magistrate Judge correctly concluded that the Plaintiff's allegations are "delusional" and "irrational" and therefore are factually frivolous. Also, given the frequent filings in this Court raising similar fantastical allegations that have been summarily dismissed by numerous courts, Plaintiff's filing

is also vexatious.

Plaintiff's First Objection is OVERRULED.

### B. Objection Number Two

Plaintiff alleges that the Magistrate Judge erred in stating that Plaintiff alleged that DARPA has been monitoring his oral and electronic communications since 2006. (Pl.'s Objs. PgID 61.) But this is certainly a fair reading (to the extent one can be distilled from the delusional allegations) of Plaintiff's Complaint, which alleges that "DARPA project managers" were "cooperating" with "Dr. Coffey," resulting in the government hacking into his nervous system through his phone and "monitoring [his] oral conversations." Plaintiff's Second Objection is OVERRULED.

### C. Objection Number Three

Plaintiff objects to the Magistrate Judge's assertion that Plaintiff claimed that the NSA used a transmitter in the dental amalgam in his tooth filling to access his personal identifiable health information. (Objs. PgID 62.) Plaintiff alleged that NSA agents obtained "access to [his] personal identifiable health information" through "the unique identifier number that is associated with a dental amalgam filling implanted in [his] tooth." The Magistrate Judge's statement is certainly a fair reading (to the extent one can be distilled from the delusional allegations) of Plaintiff's Complaint. Plaintiff's Third Objection is OVERRULED.

## IV.  PLAINTIFF IS ENJOINED FROM FURTHER FILINGS IN THIS COURT WITHOUT FIRST SEEKING LEAVE OF COURT

The Court further ADOPTS the Magistrate Judge's recommendation that Mr. Dorr be enjoined from filing further complaints in this Court without first seeking leave to do so.  "The Sixth Circuit has held that district courts may properly enjoin vexatious litigants from filing further actions against a defendant without first obtaining leave of court."  *Emerson v. Toledo Police Dep't*, No. 17-cv-12252, 2017 WL 3263427, at *2 (E.D. Mich. July 31, 2017) (citing *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998)).  As the Magistrate Judge correctly noted, Plaintiff has filed several complaints in this District that have been summarily dismissed as incoherent, delusionsal, incomprehensible, and/or baseless.  *See, e.g. Dorr v. Ford Motor Co.*, No. 11-cv-11542, 2011 WL 1627078, at *2 (E.D. Mich. Apr. 27, 2012) (summarily dismissed as "conclusory and incoherent"); *Dorr v. City of Detroit*, No. 11-cv-13369 (E.D. Mich. Aug. 10, 2011) (summarily dismissed as "baseless and delusional"); *Dorr v. AT&T*, 12-cv-10393, 2012 WL 694645, at *1 (E.D. Mich. Mar. 5, 2012) (adopting report and recommendation that summarily dismissed plaintiff's complaint as "conclusory and incoherent"); *Dorr v. Detroit Police Dep't*, No. 13-cv-10095 (E.D. Mich. Feb. 1, 2013) (summarily dismissed as "frivolous," "incomprehensible," and "vexatious").

To obtain leave of Court to file ANY further complaint in this Court, Mr. Dorr MUST initially comply with ALL of the following requirements:

1. He must file a "Motion Pursuant to Court Order Seeking Leave to File Complaint," attaching as an exhibit any proposed complaint;

2. As a second exhibit to that motion, he must attach a declaration prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit explaining the claim he wishes to present and further explaining how the claim is a new issue which has never been raised by him in any court in this District;

3. By means of a third exhibit, he must identify and list the full caption of each and every suit which has been previously filed by him or on his behalf in ANY court against each and every defendant in the suit that he wishes to file;

4. As a fourth exhibit, he must append a copy of this order.

Failure to seek leave of Court according to these exact terms may itself be grounds for denying any motion for leave to file a complaint. Compliance with these terms does not, of itself, constitute grounds for granting leave to file a complaint.

## V. CONCLUSION

For the foregoing reasons, the Court:

(1) OVERRULES Plaintiff's Objections (ECF No. 7);

(2) ADOPTS the Magistrate Judge's November 21, 2017 Report and

Recommendation (ECF No. 6);

(3) DISMISSES Plaintiff's Complaint WITH PREJUDICE;

(4) ENJOINS Plaintiff from filing any further complaints in this District without first seeking leave of Court as specifically set forth in this Opinion and Order.

IT IS SO ORDERED.

                                       s/Paul D. Borman
                                       PAUL D. BORMAN
                                       UNITED STATES DISTRICT JUDGE

Dated:  September 5, 2018

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 5, 2018.

                                       s/Deborah Tofil
                                       Case Manager