UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KRISTOPHER DORR,

        Plaintiff,

v.

UNKNOWN AGENT OF THE
NATIONAL SECURITY AGENCY,
GEOFF LING, JUSTIN SANCHEZ, and
DOUG WEBBER,

        Defendants.

_____/

Case No. 17-cv-12974

Paul D. Borman
United States District Judge

## ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT AND LEAVE OF COURT TO FILE CIVIL COMPLAINT (ECF NO. 11)

On September 5, 2018, this Court entered an Opinion and Order overruling Plaintiff's objections, adopting the Magistrate Judge's Report and Recommendation, and dismissing Plaintiff's complaint in this matter. *Dorr v. Unknown Agent of the National Security Agency*, No. 17-cv-12974, 2018 WL 4214402 (E.D. Mich. Sept. 5, 2018). In that Order, the Court also enjoined Plaintiff Kristopher Dorr "from filing further complaints in this Court without first seeking leave to do so." *Id.* This Court did so because, at the time, Plaintiff had filed "several complaints in this District that have been summarily dismissed as incoherent, delusional, incomprehensible, and/or

1

baseless." *Id.* at *3 (collecting cases). In fact, a review of court filings in this District reveals that Plaintiff has filed numerous complaints between 2010 and 2017, and that those complaints have been dismissed because Plaintiff's factual allegations were baseless, irrational, and delusional and his claims therefore were frivolous, vexatious, or failed to state a claim. *See Dorr*, 2018 WL 4214402; *Dorr v. Dep't of Def.*, No. 13-cv-13608 (E.D. Mich. Sept. 26, 2013); *Dorr v. Detroit Police Dep't*, No. 13-cv-10095 (E.D. Mich. Feb. 1, 2013); *Dorr v. AT&T Commc'ns of Michigan*, No. 12-cv-10393 (E.D. Mich. Mar. 12, 2012); *Dorr v. City of Detroit*, No. 11-cv-13369 (E.D. Mich. Aug. 10, 2011); *Dorr v. Ford Motor Co.*, No. 11-cv-11542 (E.D. Mich. Apr. 27, 2011); *Dorr v. AT&T*, No. 10-cv-14583 (E.D. Mich. Dec. 27, 2010); *Dorr v. Ford Motor Co.*, No. 10-cv-14090 (E.D. Mich. Dec. 30, 2011); *Dorr v. Ford Motor Co.*, No. 10-cv-13822 (E.D. Mich. Nov. 21, 2011).

This Court ordered that, "[t]o obtain leave of Court to file ANY further complaint in this Court, Mr. Dorr MUST initially comply with ALL of the following requirements:

1. He must file a "Motion Pursuant to Court Order Seeking Leave to File Complaint," attaching as an exhibit any proposed complaint;

2. As a second exhibit to that motion, he must attach a declaration prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit explaining the claim he wishes to present and further explaining how

2

>> the claim is a new issue which has never been raised by him in any court in this District;
>
> 3. By means of a third exhibit, he must identify and list the full caption of each and every suit which has been previously filed by him or on his behalf in ANY court against each and every defendant in the suit that he wishes to file;
>
> 4. As a fourth exhibit, he must append a copy of this order.

*Dorr*, 2018 WL 4214402 at *3 (capitalizations in original). The Court further directed that "[f]ailure to seek leave of Court according to these exact terms may itself be grounds for denying any motion for leave to file a complaint," and that "[c]ompliance with these terms does not, of itself, constitute grounds for granting leave to file a complaint." *Id.*

On August 8, 2022, Plaintiff filed a Motion for Relief from Judgment and Leave of Court to File Civil Complaint. (ECF No. 11.) Plaintiff requests to proceed *in forma pauperis* and file a pro se complaint against defendants Ford Motor Company, David Treharne, Richard Milliman, and Murray Scott. (*Id.* PageID.156-74.) The proposed complaint includes a ten page narrative outlining events that allegedly took place from 2006 through 2012 at Ford Motor Company plants, at various medical facilities, and in Detroit generally, as well as proposed claims and alleged damages. The proposed complaint alleges that Plaintiff's oral and electronic communications were intercepted by Ford Motor Company and the Michigan Public

3

Safety Communications System through cell towers controlled by the National Security Agency starting in 2006, that his personal medical information was illegally released and shared with others, including that he was diagnosed in 2006 as a paranoid schizophrenic, placed on medical leave from his job, and that he had metal fillings in a tooth. He alleges that defendants and the Livonia Police Department "started doing ambulatory hacking into the amalgam filling in [his] tooth," "initiating a peripheral nerve treatment session from their radio consoles." Plaintiff alleges a variety of federal and state statutory and common law claims, including purported violations of 18 U.S.C. § 2511, 42 U.S.C. § 1985(3), 42 U.S.C. § 1320d-2, 47 U.S.C. § 605, Mich. Comp. Laws 750.539c, 750.539d, 750.339e, and common law assault and battery, and he seeks "statutory relief in the amount of $12,125,432.00," compensatory damages, punitive damages, and equitable relief.[1]

---

[1] The Court further notes that in Plaintiff's motion, he alleges that "[t]he NSA is allowing the State of Michigan, the Livonia Police Department, Ford Motor Company and others to do ambulatory hacking on me using the metal filling in my tooth as a biosensor for remote access to real time brain and nervous system information, from my brain to the rest of my body." (ECF No. 11, Mot., ¶ 6, PageID.143.) The Motion then goes on to assert a number of allegations regarding Lee Harvey Oswald, the assassination of President John F. Kennedy, the man on the "grassy null," and that a representative of Ford Motor Company was in Dallas on November 23, 1963, and inspected the limousine President Kennedy was in when he was assassinated. (*Id.* ¶¶ 8-18, PageID.143-45.)

First, Plaintiff did not strictly comply with this Court's September 5, 2018 Order. While he did file a motion for leave to file a civil complaint, attaching as an exhibit the proposed complaint, and attaching a copy of this Court's September 5, 2018 Order, he did not "attach a declaration prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit explaining the claim he wishes to present and further explaining how the claim is a new issue which has never been raised by him in any court in this District." He instead only attached a one page, unsigned, undated type-written statement that he "declare[s] under penalty of perjury that the foregoing is true and correct." (ECF No. 11, PageID.217.) In addition, while Plaintiff attached a "List of Cases," listing two of his prior cases against Ford Motor company, he failed to list any other prior cases, including one of the suits previously filed by him against Ford Motor Company, *Dorr v. Ford Motor Co.*, Case No. 10-14090, which was filed on October 12, 2010, and dismissed on December 30, 2011 for lack of prosecution after Plaintiff failed to serve Defendants with the summons and complaint. (*See id.* PageID.218). As expressly stated in this Court's Order, Plaintiff's "[f]ailure to seek leave of Court according to [the Order's] *exact terms* may itself be ground for denying any motion for leave to file a complaint." *Dorr*, 2018 WL 421440, at *3 (emphasis added). *See Stanley v. United States Dep't of Justice*, No. 19-50967, 2021 WL 2823101, at *1 (E.D. Mich. July 6, 2021) ("Because Stanley failed to follow the

directions by previously-filed orders [ ] to seek permission [to file the petition], the Court denies any requested relief.").

In any event, a review of Plaintiff's proposed complaint attached to his motion reveals it is factually similar to his prior dismissed complaints and that it likewise would be rejected as frivolous and meritless. The factual allegations in the proposed complaint mirror, in large part, allegations Plaintiff previously asserted against Ford Motor Company in the three prior lawsuits, and generally in his other cases as well, (all of which have been dismissed), that various law enforcement agencies and other entities have been monitoring Plaintiff's communications via electronic devices. The Court concludes that Plaintiff has failed to file an intelligible, non-frivolous claim against any of the purported defendants. The Court therefore will not grant Plaintiff permission to file the proposed complaint.

Accordingly, it is **ORDERED** that Plaintiff's motion for leave to file the proposed civil complaint (ECF No. 11) is **DENIED**.

SO ORDERED.


Dated: August 19, 2022                         s/Paul D. Borman
                                               Paul D. Borman
                                               United States District Judge